```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

NAKIA McCOURRY et al.          *
                               *
                               *
v.                             * Civil Action No. WMN-12-1839
                               *
TOWN OF ELKTON et al.          *
                               *
                               *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM**

Before the Court is a Motion to Partially Dismiss filed by Corporal Jason Hoffman[1] and Officer Sean Murphy (collectively, Defendant Officers).  ECF No. 35.  Upon review of the filings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be granted, in part, and denied, in part.

**I.   Factual and Procedural Background**

This case arose out of an October 15, 2011, incident involving the shooting of Plaintiff Nakia McCourry and Kenny Bedwell's pet pit bull, "Shiloh," by two Elkton police officers, Defendants Hoffman and Murphy.  Plaintiffs Nakia McCourry and Kenny Bedwell live with their four children in Elkton, Maryland.

---

[1] Plaintiffs originally misnamed the Defendant Jason Hoffman as "Jason Humphrey."  His attorney accepted service on his behalf and included his correct name in the Defendants' Motion to Partially Dismiss.  The Court concludes that all parties are referencing the same person and that any errors have been corrected.

Plaintiffs Gladys Medina and Lisa Lucas, who are sisters, live on an adjacent street to Plaintiffs McCourry and Bedwell. Compl. ¶ 39.  Plaintiff Dennis Bedwell, Kenny Bedwell's brother, also lives close by in the neighborhood.  Compl. ¶ 38.  The incident began when a neighbor's dog broke into the fenced-in backyard of the McCourry/Bedwell residence (hereafter "residence").  Compl. ¶ 48.  Shiloh and the neighbor's dog wrestled momentarily but quickly stopped and neither was hurt. Id.  Plaintiff Lisa Lucas then attempted to repair the fence following the scuffle.  Compl. ¶ 50.

At some time during the event, someone called the Elkton Police Department.  Compl. ¶ 51.  Defendant Officers Hoffman and Murphy arrived much later and began discussing the incident with Plaintiff Lisa Lucas.  Id. at ¶ 52.  While the three were speaking, Shiloh emerged from the backyard via the defective fence and approached Plaintiffs Dennis Bedwell and Gladys Medina, who were present in the front of the residence, with his tail wagging.  Id.  Defendant Officer Hoffman beckoned to Shiloh, who came to him and sniffed his pants leg without making contact.  Id.  Dennis summoned Shiloh and Shiloh began walking to him and away from Officer Hoffman.  Compl. ¶ 53.

While Shiloh was retreating with his tail still wagging, Defendant Officer Murphy took out his service weapon and stated, "you better get your dog," before firing at Shiloh.  Id.

2

Defendant Officer Hoffman joined him and Shiloh collapsed in front of Dennis after being hit by multiple bullets. Compl. ¶ 54. Dennis picked up Shiloh and as he was cradling him, the Defendant Officers continued to shoot at Shiloh. Id. Dennis has stated that he felt the impact of each bullet fired. Plaintiffs also allege that Dennis and Gladys Medina were in the line of fire throughout the entire time shots were fired. Compl. ¶ 56. The Complaint does not state that Lisa Lucas was in the line of fire; simply that she witnessed the entire incident.[2]

The original complaint contains seventeen counts against a myriad of individuals and entities: the Cecil County SPCA; the Director of the Cecil County SPCA, Jean Deeming; Head Animal Control Officer for the Cecil County SPCA, Jerry Hawkins; the Town of Elkton; the Commissioners of the Town of Elkton; the Mayor of the Town of Elkton, Joseph Fisona; the Chief of the Elkton Police Department, William Ryan; "John and Jane Does 1-20," who are identified as police officers of the Elkton Police Department; and "Richard and Jane Roes 1-20," who are identified as supervisors of the Elkton Police Department. Of the seventeen counts, several were brought under 42 U.S.C. § 1983, while the remaining asserted a variety of state law claims.

---

[2] A more detailed history of the facts is present in the Court's ruling on prior Motions to Dismiss. ECF No. 27.

On November 22, 2013, the Court granted two motions to dismiss, discharging the majority of the defendants from this lawsuit.  The first was filed by the Town of Elkton, Joseph Fisona, William Ryan, and the Commissioners of the Town of Elkton (collectively, the Town Defendants).  ECF No. 17.  The second was filed by the Cecil County SPCA, Inc., Jean Deeming, and Jerry Hawkins (collectively, the SPCA Defendants).  ECF No. 18.  The Town Defendants and SPCA Defendants moved to have all claims against them dismissed in their entirety.  In response to the motions, Plaintiffs conceded that twelve of the counts should be dismissed against the Town Defendants, and ten of the counts should be dismissed against the SPCA Defendants.  ECF No. 22.  The Court held that all claims against both the Town Defendants and the SPCA Defendants lacked an adequate factual basis and should be dismissed.  ECF No. 27.

On December 7, 2013, the Court granted Plaintiffs' Motion to Amend the Complaint, substituting Officer Hoffman and Officer Murphy for "John and Jane Does 1-20."  ECF No. 34.  The Defendant Officers then filed a Motion to Partially Dismiss seeking to eliminate the following claims: the failure to intercede claim (Count 3), the excessive force claim of all Plaintiffs except Dennis Bedwell (Count 4), the substantive due process claim (Count 6), the procedural due process claim (Count 7), the violation of Maryland Declaration of Rights Articles 24

and 26 claim of all Plaintiffs except Dennis Bedwell (Count 8), the assault and battery claims (Count 9), and the failure to warn and protect claim (Count 16). ECF No. 35.

In their response to this motion, Plaintiffs conceded that Counts 3, 4 (of all Plaintiffs except Dennis Bedwell), 6, 7, 8 (of all Plaintiffs except Dennis Bedwell), and 16 should be dismissed, albeit without prejudice. ECF No. 38 at 5. They also agreed that all of Count 9 should be dismissed except for the assault claims of Gladys Medina and Lisa Lucas, and the assault and battery claim of Dennis Bedwell. Id. Plaintiffs also agreed that any claim against the officers in their official capacities should be dismissed. Id. Defendant Officers acknowledge in their Reply to Plaintiffs' Opposition that they believed that Plaintiffs were only pleading a claim for battery in Count 9 and not both assault and battery. ECF No. 39. Once corrected that Plaintiffs are asserting both claims, Defendants concede that the Complaint sufficiently pleads an assault claim for Plaintiffs Dennis Bedwell and Medina. Id.

Thus, with Plaintiffs' and Defendant Officers' concessions, the following claims remain at issue in the pending motion: Count 9- assault on Lisa Lucas and Count 9- battery on Dennis Bedwell. In addition to issues related to the particular claims, Defendants assert that Lisa Lucas is not a proper Plaintiff as

5

to any claim.  Finally, Defendant Officers contend that the claims which the Plaintiffs concede should be dismissed should be dismissed with prejudice.  ECF No. 39.

## II.  Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain adequate information to show that a plaintiff is entitled to relief.  Courts have interpreted the rule to require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint does not need to present detailed allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id.  In other words, "in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint."  Nemet Chevrolet, Ltd. v.

6

Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. Discussion

#### A. Lucas' Assault Claim

It would appear that the only potentially viable claim that could be brought by Plaintiff Lucas would be a claim for assault. As discussed in the Court's prior Memorandum in response to motions to dismiss, the only factual allegations in the Complaint related to Lisa Lucas are that she is a neighbor of Nakia McCourry, Kenny Bedwell, and Dennis Bedwell; that she is the sister of Gladys Medina; that she unsuccessfully attempted to repair the fence in the backyard of the residence; she was present and spoke with the officers who responded to the residence; and that she witnessed the incident and "was terrified that the Elkton Police Department and its police officers will finish Dennis off at the next chance they get." Compl. ¶ 65. In earlier proceedings, the Court determined that the allegations in the Complaint concerning Lucas failed to establish any claim brought on her behalf. ECF No. 27 at 8. In opposing the previous motions, Plaintiffs attempted to insert additional allegations to prevent Lucas' dismissal from the lawsuit, e.g., alleging that Lucas "did not immediately know if the bullets were directed at her... or if [they] would

7

subsequently be directed at her." ECF No. 22 at 9. This Court ruled that the additional allegations could not be considered because they were not present in the Complaint. ECF No. 27. The Court dismissed Lucas as a plaintiff with regard to the claims of the Town Defendants and SPCA Defendants, without prejudice, but noted that the inclusion of allegations from the opposition, without more, would not bolster her claims as plausible causes of action. Id.

Here, Defendant Officers argue that Lisa Lucas should be dismissed as a plaintiff in the claims against them as well. ECF No. 35. In response, Plaintiffs offer the same insufficient facts proffered in their first Opposition: that Lucas was not in the line of fire but feared the Defendant Officers would start firing in her direction. As noted supra, the Court cannot consider these new allegations and, even if considered, would find them inconsistent with the rest of Plaintiffs' version of the facts and insufficient to state a plausible claim for assault.

B. **Battery Claim on Behalf of Dennis Bedwell**

Plaintiffs argue that Defendant Officers committed battery on Dennis Bedwell by firing their weapons at him while he was holding Shiloh. Compl. ¶ 15. Dennis Bedwell contends that he could feel every bullet that was fired. Id. Defendants counter

that the Officers did not have any actual contact with the Plaintiff, only with Shiloh, and thus, no claim exists.  ECF No. 35.

In Maryland, a battery "occurs when one intends a harmful or offensive contact with another without that person's consent."  Nelson v. Carroll, 735 A.2d 1096, 1099 (Md. 1999).  Moreover, indirect contact is sufficient, "such as when a bullet strikes a victim," id., because "it is enough that the defendant sets a force in motion which ultimately produces the result . . . ."  Id. (quoting Prosser & Keeton, The Law of Torts § 9, at 40 (5th ed. 1984)).  Construing the facts most favorably to the Plaintiffs, the finder of fact could conclude that the impact of the bullets felt by Dennis is sufficient to constitute physical contact with another.

Defendant Officers also argue that they did not intend for any contact to occur with Dennis because their actions were directed at Shiloh.  ECF No. 39.  The intent required for a battery claim is not a specific intent to bring about the resulting harm; rather, it requires "volitional activity" regardless of the consequences.  Nelson, 735 A.2d at 1101.  In other words, the Defendant Officers' acknowledgement that they intended to fire the bullets constitutes an intentional action. From the alleged facts, a finder of fact could conclude that the Defendant Officers either intended offensive contact to Dennis,

9

or knew with substantial certainty it would occur, when they intentionally fired at Shiloh from five feet away. See also Ghassemiah v. Schafer, 447 A.2d 84, 89 (1982) ("As the probability of injury to another, apparent from the facts within his knowledge, becomes greater, his conduct takes on more of the attributes of intent, until it reaches that substantial certainty of harm which juries, and sometimes courts, may find inseparable from intent itself.") (quoting Prosser, Law of Torts, § 31 at 145 (4th ed. 1971)). Therefore, the Court will deny Defendant Officers' Motion to Dismiss the battery claim as to Dennis Bedwell.

As to the claims that Plaintiffs conceded should be dismissed, the Court finds that these claims should be dismissed with prejudice. The majority of courts agree that dismissal under Rule 12(b)(6) is not final or a ruling on the merits because plaintiffs are normally given the opportunity to file an amended complaint. 5B C. Wright & K. Graham, Federal Practice and Procedure § 1357, at 733 (2004). "[T]he cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim." Id. at 738-39. In this case, however, Plaintiffs have acknowledged the deficiency of dozens of claims by voluntarily agreeing to dismiss them in response to two motions to dismiss by various defendants. See ECF No. 22 at 8; ECF No. 38 at 5.

Plaintiffs have been given opportunities to fully amend the complaint and submit sufficient facts, yet have failed to do so. This repeated failure to provide ample factual evidence makes it clear to the Court that Plaintiffs are unable to state a plausible claim as to these causes of action.  See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004); see also, Havas v. Thornton, 609 F.2d 372 (9th Cir. 1979) (holding that trial court did not err in dismissing the complaint without leave to amend when it was clear that leave to amend the complaint would have served no purpose since the acts complained of could not constitute a claim for relief); Feinberg v. Leach, 243 F.2d 64 (5th Cir. 1957) (holding that district court did not abuse its discretion by dismissing the complaint with prejudice where the plaintiff had tried twice to state a claim and it appeared that no amendment could cure its defect and state a claims).

## IV. Conclusion

For the above stated reasons, the Court concludes that the motion to dismiss filed by Defendant Officers should be granted in part and denied in part.  With this ruling, the following claims remain in this action against Defendant Officers:

Count 4 – Excessive Use of Force on behalf of Plaintiff Dennis Bedwell only;

Count 5 – Seizure and Forfeiture of Property;

11

Count 8 – Violation under Maryland Declaration of Rights Articles 24 and 26 on behalf of Plaintiff Dennis Bedwell only;

Count 9 – Battery and Assault on behalf of Plaintiff Dennis Bedwell and Assault on behalf of Plaintiff Medina;

Count 10 – Trespass to Chattel;

Count 11 – Conversion;

Count 12 – Intentional Infliction of Emotional Distress;

Count 13 – Negligence; and

Count 15 – Gross Negligence.

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: July 14, 2014