In the

# United States District Court

# for the District of Maryland

## Case No.: 1:12-cv-01839

---

## Nakia McCourry, *et al.*

*Plaintiffs*

vs.

## Town of Elkton, Maryland, *et al.*

*Defendants*

---

## Plaintiffs' Proposed Jury Instructions

---

**Charles H. Edwards IV**
1010 Light Street
Baltimore, Maryland 21230
P: (410) 547-8568
F: (410) 547-0036
*charles.edwards@robinhoodlawyers.com*
*Attorney for Plaintiff*

INTENTIONALLY BLANK

**MAY IT PLEASE THE COURT:**

The plaintiffs, Nakia McCourry, Dennis Bedwell, Kenny Bedwell, and Gladys Medina, by and through their attorneys, Charles H. Edwards IV and the Law Office of Barry R. Glazer, P.C., files the plaintiffs' Proposed Jury Instructions, and herein move this Honorable Court, pursuant to Local Rule 106.8, to accept the following Modern Federal Jury Instructions and the following attached jury instructions, which are particular to this case.

### *Modern Federal Jury Instructions*

MFJI 71-1 Juror Attentiveness

MFJI 71-2 Role of the Court

MFJI 71-3 Role of the Jury

MFJI 71-4 Juror Oath

MFJI 71-5 Jury to Disregard Court's View

MFJI 71-6 Conduct of Counsel

MFJI 71-8 Common Counsel and Counsel Cooperation

MFJI 74-1 What Is and Is Not Evidence

MFJI 74-2 Direct and Circumstantial Evidence

MFJI 74-3 Judicial Notice

MFJI 74-4 Stipulation of Facts

MFJI 74-9 Common Plain or Scheme

MFJI 74-13 Interrogatories

MFJI 74-14 Depositions

MFJI 75-1 Inference Defined

MFJI 75-3 Uncalled Witness Not Equally Available

MFJI 75-6 Party's Failure to Testify

MFJI 76-1 Witness Credibility

MFJI 76-2 Bias

MFJI 76-3 Interest in Outcome

MFJI 76-5 Impeachment by Prior Inconsistent Statements

MFJI 76-9 Expert Opinion

MFJI 78-1 Jury Deliberations

MFJI 78-3 Duty to Deliberate / Unanimous Verdict

MFJI 78-4 Deadlock Charge: Reaching Agreement

MFJI 78-5 Selection of Foreperson

***Jury Instructions Particular to this Case***

1. Before MFJI 71-1 on Juror Attentiveness, an Introductory Instruction

2. After MFJI 78-9 on Special Verdict, an instruction on Police Officer Testimony

3. Law Enforcement Liability in General

4. Introduction to Substantive Claims

5. The Statute - 42 U.S.C. § 1983 (MFJI 87-65)

6. Purpose of the Statute (MFJI 87-66 Modified)

7. Plaintiff's Burden of Proof (MFJI 87-67)

8. Elements of Claim Under 42 U.S.C. § 1983 (MFJI 87-68 Modified)

9. No Specific Intent Required

10. Fourth Amendment

11. Fourth Amendment "Seizure"

12. Fourth Amendment Standard

13. Excessive Force - Criteria

14. Excessive Force – Objective Test

15. Specific Violations

16. Conspiracy

17. Maryland Constitutional Claims

18. Maryland Constitutional Claims - Respondeat Superior Liability

19. Negligence / Gross Negligence  (MPJI 19:1 Modified)

20. Assault (MPJI 15:1 Modified)

21. Battery (MPJI 15:2)

22. Intentional Infliction of Emotional Distress (MPJI 15:11 Modified)

23. Interference with Personal Property (MPJI 16:3 Modified)

24. Conspiracy (MPJI 7:6 Modified)

25. Introduction to Damages

26. Compensatory Damages (MFJI 87-87 Modified)

27. Exemplary or Punitive Damages (MFJI 87-92 Modified)

28. Compensatory Damages (MPJI 10:7 and 10:2 Modified)

29. Punitive Damages (MPJI 10:13 Modified)

### *PLAINTIFFS' INSTRUCTION NO. 1 – INTRODUCTION*

Plaintiffs, Nakia McCourry, Dennis Bedwell, and Kenny Bedwell, claim damages alleged to have been sustained as the result of deprivations, under color of state law, of rights secured to the plaintiffs by the Fourth Amendment to the United States Constitution and by 42 U.S.C. § 1983, a federal statute protecting the civil rights of all persons within the United States, and under the Maryland Declaration of Rights.

Specifically, plaintiffs Nakia McCourry and Kenny Bedwell allege that the defendant police officers, Jason Hoffman and Sean Murphy, subjected them to deprivations of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Fourth Amendment right to be free of having their property and personal effects unreasonably seized by the government. In this regard, you are advised that the killing of a person's pet dog by the government is a seizure of that person's personal effects, which is prohibited by the Fourth Amendment of the United States Constitution, unless you determine that seizure to have been reasonable. The factors utilized by you in determining whether the killing of the plaintiffs' pet dog was reasonable or unreasonable, will be given to you in other instructions. You will also be advised of the instructions that will guide you in your determination of whether the defendant police officers violated the plaintiffs' rights arising under the Maryland Declaration of Rights insofar as they killed the plaintiffs' dog.

Additionally, plaintiff Dennis Bedwell alleges that the defendant police officers, Jason Hoffman and Sean Murphy, subjected him to deprivations of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Fourth Amendment right to be free from the use of excessive force by the government. In this regard, you are advised that it is excessive force for a police officer to physically contact a person who is not resisting, who is not attempting to flee, and who does not pose an immediate threat to the safety of the officer or others, regardless of whether such contact is direct or indirect. The factors utilized by you in determining whether the defendant police officers used excessive force upon the plaintiff when they discharged their guns upon the body of the pet dog will be given to you in other instructions. You will also be advised of the instructions that will guide you in your determination of whether the defendant police officers violated the plaintiff's rights arising under the Maryland Declaration of Rights insofar as they are alleged to have used excessive force upon the plaintiff when the defendant police officers discharged their guns.

The defendant police officers deny that any of their actions during the incidents in question violated the plaintiffs' constitutional rights. The defendant police officers claim that their killing of the plaintiffs' pet dog was reasonable under the circumstances and that they did not use excessive force upon plaintiff Dennis Bedwell.

Lastly, the plaintiffs, Nakia McCourry, Dennis Bedwell, Kenny Bedwell, and Gladys Medina, have also alleged causes of action against the defendant police officers, Jason Hoffman and Sean Murphy, arising under the common law of the State of Maryland. Plaintiff Dennis Bedwell has alleged that the defendant police officers assaulted and battered him. Plaintiff Gladys Medina has alleged that the defendant police officers assaulted her. Plaintiffs Nakia McCourry and Kenny Bedwell have alleged that the defendant police officers committed a trespass to their chattel and converted their property. And all of the plaintiffs allege that the defendant police officers intentionally inflicted emotional distress upon them, were negligent and/or grossly negligent. You will be advised of the instructions that will guide you in your determination of whether the defendant police officers are liable under the plaintiffs' causes of action arising under the common law of the State of Maryland.

Again, the defendant police officers deny any liability under the causes of action alleged by the plaintiffs that arise under the common law of the State of Maryland.

**AUTHORITIES:**

Vol. 3B O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 165.01 p. 581 (5th Ed. 2001) (modified).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

## *PLAINTIFFS' INSTRUCTION NO. 2 - POLICE OFFICER TESTIMONY*

A police officer's testimony should be considered by you just as any other evidence in this case, and in evaluating his or her testimony, you should apply the same guidelines which you apply to the testimony of any other witness. A police officer's testimony is not entitled to any greater or lesser weight than the testimony of any other witness.

Thus, in determining the credibility of a police officer, you will apply those good common sense tests that you would apply to the testimony of any witness. Some of these tests are:

1)   Has the police officer a motive to lie?

2)   Has he a personal or professional interest in the outcome of the case?

3)   What was his conduct on the witness stand?

4)   Was his testimony inherently credible?

**AUTHORITIES:**

*Roberts v. Hollocher,* 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse,* 664 F.2d 1109 (9th Cir. 1981).

Given _____

Modified _____

Refused _____

### PLAINTIFFS' INSTRUCTION NO. 3 - LAW ENFORCEMENT LIABILITY IN GENERAL

The law is well-settled, that if a police officer does not personally participate in a constitutional violation, but witnesses such a violation by other officers, that witnessing officer may be liable for failing to intercede to prevent the constitutional violations of other officers where the officer had reason to know such a violation was occurring and had a realistic opportunity to intercede. In this case, the plaintiffs have made various allegations against both of the defendant police officers. First, you must consider the acts of that individual police officer and consider whether the plaintiffs have proven the police officer committed said acts in violation of the plaintiffs' constitutional rights as I will detail for you momentarily. If the plaintiffs have proven such conduct to you by a preponderance of the evidence, you should find said officer liable for his conduct.

Further, if the plaintiffs have proven to you by a preponderance of the evidence that an officer who did not participate in a constitutional violation, but witnessed such a violation by other officers, and knew such violation was occurring and had a reasonable opportunity to intercede, then you should find such officer liable for the constitutional violation as well under 42 U.S.C. § 1983.

**AUTHORITIES:**

*Provost v. City of Newburgh*, 262 F.3d 146, 168 (2d Cir. 2001) ("'It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'") (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)); *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

### *PLAINTIFFS' INSTRUCTION NO. 4 - INTRODUCTION TO SUBSTANTIVE CLAIMS*

The plaintiffs allege that their constitutional rights to be free from excessive force and unlawful seizures and forfeitures of property were violated under both federal and state constitutional law. Under federal law, the rights to be free from excessive force and unlawful seizures and forfeitures of property are protected by the Fourth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution. Under state law, these rights are protected by Article 24 of the Maryland Constitution, which is construed *in pari materia* with the Fourteenth Amendment to United States Constitution and Article 26 of the Maryland Constitution, which is construed *in pari materia* with the Fourth Amendment to the United States Constitution.

In addition to the plaintiffs' constitutional claims arising under both federal and state law, they also allege several claims against the defendants arising under the common law of the State of Maryland, which I will instruct you on in a few minutes.

Given    _____

Modified    _____

Refused    _____

### PLAINTIFFS' INSTRUCTION NO. 5 – THE STATUTE - 42 U.S.C. §1983
### (MFJI 87-65)

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFFS' INSTRUCTION NO. 6 – PURPOSE OF THE STATUTE***
***(MFJI 87-66 MODIFIED)***

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Given        _____

Modified     _____

Refused      _____

### *PLAINTIFFS' INSTRUCTION NO. 7 – PLAINTIFF'S BURDEN OF PROOF*
### *(MFJI 87-67)*

The plaintiffs have the burden of proving each essential element of their Section 1983 claims by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of a plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

Given      _____

Modified      _____

Refused      _____

### PLAINTIFFS' INSTRUCTION NO. 8 - ELEMENTS OF CLAIM UNDER 42 U.S.C. §1983
### (MFJI 87-68 MODIFIED)

The plaintiffs' claims arising under the United States Constitution are brought pursuant to a federal civil rights act. In order to prove their claims under the Act, the plaintiffs must prove by a preponderance of the evidence each of the following elements.

Element 1: That the defendant police officer was acting under color of authority of the State of Maryland at the time of the acts of which the individual plaintiff complains.

Element 2: That the defendant police officer performed acts which deprived the individual plaintiff of their federal constitutional rights.

Element 3: That the defendant police officer's acts were the proximate cause of the damages sustained by the plaintiff.

You are instructed that Element 1 has been proven. There is no dispute that the defendants were acting in their capacities as police officers for the Elkton Police Department at the times relevant to the plaintiffs' claims. Because the defendants were acting under color of state law, you need not concern yourself with Element 1. You are further instructed that if you find that the plaintiffs were deprived of their federal constitutional rights, there will necessarily be culpability on the part of one or all of the defendants for any damages sustained by an individual plaintiff that were proximately caused by the constitutional violation.

I will now give you further instruction to help you in deciding Element 2 as it relates to the plaintiffs' claims that the defendants violated their constitutional rights.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

### PLAINTIFFS' INSTRUCTION NO. 9 – NO SPECIFIC INTENT REQUIRED

It is not necessary to find that a defendant had any specific intent to deprive the plaintiffs of their constitutional rights, or that he acted with malice or ill will in order to find for the plaintiffs. The plaintiffs are entitled to relief if a defendant intended the actions which resulted in a violation of their constitutional rights. Whether any of the officers acted with subjective good faith is irrelevant, and plaintiffs need not prove that the officers had an evil heart.

**AUTHORITIES:**

*Graham v. Connor*, 490 U.S. 386, 397 (1989).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFFS' INSTRUCTION NO. 10 – FOURTH AMENDMENT***

The plaintiffs claim that the defendants violated their rights under the Fourth Amendment to the United States Constitution. The Fourth Amendment reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Every person has the constitutional right to be free from the unreasonable search and seizure of his person or property by law enforcement agents. You must determine whether any searches or seizres which you find took place were reasonable under constitutional standards.

You should take into account all of the facts and circumstances which were known, or which should have been known, by the defendants when you are assessing their liability to the plaintiffs. The question you must answer is whether in the face of such facts and circumstances a given defendant treated an individual plaintiff unreasonably and violated his constitutional rights, as I shall define them for you.

**AUTHORITIES:**

*Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981).

Given     _____

Modified     _____

Refused     _____

### *PLAINTIFFS' INSTRUCTION NO. 11 – FOURTH AMENDMENT "SEIZURE"*

The Fourth Amendment prohibits the unreasonable "seizure" of a person. A person is "seized" within the meaning of the Fourth Amendment when in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicated a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or use of language or tone of voice indicating that compliance with the officer's request might be compelled.

If you find that the plaintiff was seized under this definition and that the defendant police officer did not have sufficient cause for the seizure, then you must find that the seizure violated plaintiff's constitutional rights. Likewise, the defendant police officer's actions in killing the plaintiffs' dog were a seizure and were constitutional only if they are reasonable.

**AUTHORITIES:**

*California v. Hodari D.*, 499 U.S. 621 (1991); *United States v. Mendenhall,* 446 U.S. 544, 554 (1980).

Given _____

Modified _____

Refused _____

***PLAINTIFFS' INSTRUCTION NO. 12 – FOURTH AMENDMENT STANDARD***

You must decide whether the defendant police officers' seizure of the plaintiffs' companion dog by killing it was reasonable from the perspective of a reasonable police officer facing the same circumstances that the defendant police officers faced. You must make this decision based on what the officers knew at the time, not based on what you now know. In deciding whether the defendant police officer's use of deadly force in killing the plaintiffs' companion dog was unreasonable, you must not consider whether the defendant police officer's' intentions were good or bad.

In performing his job, an officer can use deadly force against a household pet only if the pet poses an immediate danger and if the use of deadly force is unavoidable and reasonable.

Additionally, plaintiff Dennis Bedwell claims that excessive force was used by the defendant police officers in connection with their shooting of the family dog. A person, even if he is being lawfully arrested, has a constitutional right to be free of excessive force. An officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer. However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose. Thus, if you find that a defendant used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendant is liable for a violation of the plaintiff's constitutional rights.

**AUTHORITIES:**

*Graham v. Connor*, 490 U.S. 386 (1989). Seventh Circuit Pattern Jury Instruction § 7.09 (modified); *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008); *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 210-11 (3rd Cir. 2001).

Given        _____

Modified     _____

Refused      _____

### *PLAINTIFFS' INSTRUCTION NO. 13 – EXCESSIVE FORCE - CRITERIA*

There is no precise definition or formula available for determining whether force is excessive in a particular case. You should take into account the severity of the situation the police were investigating, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff was actively resisting arrest or attempting to avoid arrest by fleeing. Whether the officer used reasonable force  must be judged from the perspective of a reasonable police officer on the scene, the totality of the circumstances confronting the officer and the time available to the officer to assess the need for force under the circumstances of this case.

**AUTHORITIES:**

*Graham v. Connor*, 490 U.S. 386 (1989).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

### *PLAINTIFFS' INSTRUCTION NO. 14 –  EXCESSIVE FORCE – OBJECTIVE TEST*

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer. It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant police officer himself. Evil intentions on the part of the defendant police officer will not establish a constitutional violation if the force used was objectively reasonable. At the same time, if the force used was unreasonable, you must hold the defendant police officer liable for a constitutional violation, even if you believe he had good intentions.

Additionally, you are to consider all circumstances in determining whether the defendant police officers' actions were reasonable in seizing plaintiffs' pet dog by killing it. A partial list of the factors for your consideration includes the following:

1) the need for the use of deadly force;

2) the relationship between the need for the use of deadly force and the amount of force used;

3) the degree of the seizure i.e., the extent of the injury or death to the plaintiffs' companion dog;

4) any efforts made by the defendant police officers  to limit the amount of force;

5) the severity of the crimes, if any, which were being investigated by the defendant police officers at the time they killed the plaintiffs' companion dog;

6) the threat reasonably perceived by the defendant police officers;

7) whether one or both of the defendant police officers knew, or had reason to know, of the existence of the plaintiffs' companion dog when they came upon the plaintiffs' property;

8) whether it was probable that the dog would attack the defendant police officers; and

9) whether the dog was advancing upon the defendant police officers when it was shot, or whether it was retreating and no longer posed a risk of harm to the officers at any time when it was shot.

**AUTHORITIES:**

*Graham v. Connor*, 490 U.S. 386 (1989). Seventh Circuit Pattern Jury Instruction 7.09, Committee Comments b; *Wilson v. Williams*, 83 F.3d 870 (876) (7th Cir. 1996).

Given _____

Modified _____

Refused _____

## PLAINTIFFS' INSTRUCTION NO. 15 – SPECIFIC VIOLATIONS

It is excessive force for a police officer to contact a person, either directly or indirectly, who is not resisting, who is not attempting to flee, and who does not pose an immediate threat to the safety of the police officer or others.

You are also advised that the killing of a person's pet dog by the government is a seizure of that person's personal effects, which is prohibited by the Fourth Amendment of the United States Constitution, unless you determine that seizure to have been reasonable.

**AUTHORITIES:**

*Graham v. Conner*, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).

Given      _____

Modified   _____

Refused    _____

## PLAINTIFFS' INSTRUCTION NO. 16 – CONSPIRACY

The plaintiffs have also alleged that the defendant police officers participated in a conspiracy to use excessive force and to unlawfully seize the family dog.

A conspiracy exists when two or more persons reach an understanding to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. It is in essence a combination to disobey or disregard the law. The understanding between the defendants need not be an express or formal agreement. Thus, a conspiracy is seldom able to be proved by direct evidence. Rather, the existence of a conspiracy may be inferred from a series of events and may be proved by circumstantial evidence.

Although a common design is the essence of conspiracy, the law does not demand proof that each conspirator knew the exact limits of the illegal plan, or the identity of all the participants in it. It does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences. It is, however, not necessary for a plaintiff to prove that the defendants came together and, in so many words, agreed upon the matter. If it is proved that the defendants pursued the same objective, one performing one part and another performing another part, you will be justified in concluding that they are engaged in conspiracy to effect that objective.

Each conspirator is responsible for everything done by co-conspirators which follows from the execution of the common design as one of its probable and natural consequences, even though it was not intended as part of the original design. A defendant, therefore, who is proved to be a member of a civil conspiracy is liable for a plaintiff's injuries caused by the conspiracy, even if his own personal acts did not proximately contribute to that injury.

## AUTHORITIES

Third Circuit Model Jury Instructions 4.3; Michael Avery, David Rudovsky & Karen Blum, *Police Misconduct: Law and Litigation* §12:43 (Oct. 2005).

Given _____

Modified _____

Refused _____

***PLAINTIFFS' INSTRUCTION NO. 17 – MARYLAND CONSTITUTIONAL CLAIMS***

In addition to the plaintiffs' claims under federal law, the plaintiffs have brought claims under Maryland law. The plaintiffs allege that the defendants violated their rights under the Maryland Constitution, which is known as the Maryland Declaration of Rights. Because Article 24 of the Declaration of Rights is construed *in pari materia* with the Fourteenth Amendment of the United States Constitution and Article 26 is construed *in pari materia* with the Fourth Amendment of the United States Constitution, both protect against a violation of the plaintiffs' rights to be free from the use of excessive force and from unlawful seizures, and a violation of the United States Constitution constitutes a violation of the Maryland Declaration of Rights. In other words, if you find that one or both of the defendants violated the plaintiffs' federal rights under the United States Constitution, which I instructed you on a few moments ago, you must also find a violation of the Maryland Declaration of Rights.

**AUTHORITY:**

*Davis v. DiPino,* 354 Md. 18, 51 (1999).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFFS' INSTRUCTION NO. 18 -  MARYLAND CONSTITUTIONAL CLAIMS-***
***RESPONDEAT SUPERIOR LIABILITY***

As I just instructed you, the plaintiffs allege that the defendants violated their rights under the Maryland Declaration of Rights, which are specifically included in the Maryland Constitution. I also instructed you that because the United States Constitution and the Maryland Declaration of Rights both protect citizens against the use of excessive force and unlawful seizures, a violation of one constitutes a violation of the other. In other words, if you find a violation of the United States Constitution, you must also find a violation of the Maryland Declaration of Rights.

There is, however, one difference between claims under the United States Constitution and the Maryland Declaration of Rights. Under Maryland law, an employer is responsible for injuries or damages caused to others by the acts of its employees which were committed within the scope of their employment. There is no dispute that the officers in this case were acting within the scope of their employment with the Elkton Police Department. Therefore, if you find that the plaintiffs' constitutional rights were violated under the Maryland Constitution, those entities will also be liable for the plaintiffs' claims arising under the Maryland Declaration of Rights.

**Authority:**

*Davis v. DiPino*, 354 Md.18, 51 (1999).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFF'S INSTRUCTION NO. 19 - NEGLIGENCE / GROSS NEGLIGENCE***
***(MPJI 19:1 MODIFIED)***

The plaintiffs also bring negligence claims under the laws of the State of Maryland. To establish these claims, the plaintiffs must prove the following:

1.    That one or all of the defendants were negligent;

2.    That an individual plaintiff was harmed; and

3.    That one or all of the defendants' negligence was the cause of the harm caused to the individual plaintiff.

Negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.

You must decide how a reasonably careful person would have acted in each of the defendants' positions.

Gross negligence, which the plaintiffs have also alleged, is an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies thoughtless disregard of the consequences without the exertion of any effort to avoid them. A wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights do not exist.

Given          _____

Modified       _____

Refused        _____

***PLAINTIFF'S INSTRUCTION NO. 20 – ASSAULT***
***(MPJI 15:1 MODIFIED)***

An assault is an intentional threat, either by words or acts, to physically harm another person without that person's consent. actual contact is unnecessary. However, it must appear to the other person that the one making the threat has the present ability to carry it out, and the person threatened must be put in reasonable fear of imminent harm.

The elements of the tort are:

1)    defendant police officer's threat, coupled with an apparent ability, to do bodily harm to the plaintiff, and

2)    defendant police officer's intent either to harm or put plaintiff in fear of such harm, and

3)    plaintiff's fear of imminent harm; the lack of contact being immaterial.

There may be an assault even though:

1)    defendant police officer lacked the ability to carry out the threat if plaintiff believed defendant had the ability, or

2)    defendant acted without malice or ill will, or

3)    defendant's threat would not have put a person of ordinary courage in fear of imminent harm, as long as plaintiff was put in such fear, or

4)    defendant's act was directed at a third person, as long as plaintiff feared imminent personal harm.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

*PLAINTIFF'S INSTRUCTION NO. 21 – BATTERY*
*(MPJI 15:2 MODIFIED )*

A battery is the intentional touching of a person without that person's consent. Touching includes the intentional putting into motion of anything that touches another person, or that touches something that is connected with, or in contact with, another person. In order to be a battery, the touching must be harmful or offensive. A touching is harmful if it causes physical pain, injury or illness. A touching is offensive if it offends the other person's reasonable sense of personal dignity.

Touching includes the intentional setting in motion of anything which touches another or touches something that is connected with or is in contact with another; it is offensive if it offends one's reasonable sense of dignity and harmful if it causes physical pain, injury or illness.

Given          _____

Modified     _____

Refused       _____

A defendant police officer may be liable to a plaintiff for the tort of intentional infliction of emotional distress if the plaintiff proves by a preponderance of the evidence:

     1)     that the defendant police officer's conduct was intentional or reckless;

     2)     that the conduct was extreme and outrageous;

     3)     that the conduct caused emotional distress to the plaintiff; and

     4)     that the emotional distress was severe.

The defendant police officer is not liable if the plaintiff fails to prove any one or more of the four elements.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFF'S INSTRUCTION NO. 23 – INTERFERENCE WITH PERSONAL PROPERTY***
***(MPJI 16:3  MODIFIED)***

When a person, without authority or permission, physically interferes with the use or enjoyment of another's personal property, the interference constitutes conversion of the property. Interference amounts to conversion when it is so serious and so important as to effectively require the forced sale of the property to the defendant. Conversion is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it. In determining whether interference constitutes a conversion, the following factors should be considered:

    1)      the extent and duration of the interference;

    2)      the defendant police officer's intent to assert a right inconsistent with the plaintiffs' right of control;

    3)      the defendant police officer's good faith or lack of good faith;

    4)      the harm done to the family dog; and

    (5)      the expense and inconvenience caused to the plaintiffs.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

**PLAINTIFF'S INSTRUCTION NO. 24 - CONSPIRACY**
**(MCPJI 7:6 MODIFIED)**

You are instructed that to recover damages for civil conspiracy under Maryland common law, it must be shown that there was an agreement by at least two persons to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, and that the act or means used resulted in damage to the individual plaintiff. Conspiracy is not a separate basis for an award of damages in the absence of an unlawful injury to the plaintiff. Rather, it is a mechanism for holding one or more defendants liable for the actions and inactions of their co-conspirators, much like I instructed you on a few minutes ago in reference to the plaintiff's federal claims.

Given _____

Modified _____

Refused _____

### *PLAINTIFF'S INSTRUCTION 25 - INTRODUCTION TO DAMAGES*

Now, it is very important for you to understand that the rules for damages are different for the different claims. You must consider the claims separately, and decide whether compensatory and/or punitive damages are appropriate under any of the different standards. I will advise you first as to the federal claims, and then on the State of Maryland claims.

Given     _____

Modified     _____

Refused     _____

### PLAINTIFF'S INSTRUCTION NO. 26 - COMPENSATORY DAMAGES
### (MFJI 87-87 MODIFIED)

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for one or all of the plaintiffs, then you must consider the issue of actual damages.

If you return a verdict for one or all of the plaintiffs, then you must award them such a sum of money as you believe will fairly and justly compensate them for any injury you believe they actually sustained as a direct consequence of the conduct of the defendants.

You should award actual damages only for those injuries which you find that one of the individual plaintiffs has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find an individual plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of Section 1983. That is, you may not simply award actual damages for any injury suffered by an individual plaintiff- you must award actual damages only for those injuries that are a direct result of actions by a defendant and that are a direct result of conduct by defendants which violated one of the plaintiffs' federal rights under the color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial and only on that evidence. You should, however, consider the following elements of damage to the extent that you find them proved by a preponderance of the evidence.

    1)    Any fright, terror, nervousness, humiliation, embarrassment, inconvenience, indignity or insult to which a plaintiff was subjected and which was a direct result of a defendant's conduct.

    2)    The non-economic damages such as physical and mental pain and suffering, suffered by a plaintiff in the past and which, with reasonable probability, may be expected to be experienced in the future.

    3)    The effect of a defendant's actions on the overall physical and mental health and well-being of the plaintiff.

    4)    The psychological expenses reasonably and necessarily incurred in the past and which with reasonable probability may be expected in the future.

    5)    The economic damages sustained in the past and which, with reasonable probability, may be sustained in the future, including the value of the family pet.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFF'S INSTRUCTION NO. 27 - EXEMPLARY OR PUNITIVE DAMAGES***
***(MFJI 87-92 MODIFIED)***

If you award a plaintiff actual damages, then you may also make them a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish the defendants for extreme or outrageous conduct, or to deter or prevent the defendants and others like them from committing such conduct in the future.

Society has an interest in deterring and punishing all intentional or reckless invasions of the rights of others, even though it sometimes chooses not to impose any liability for lesser degrees of fault. Punishment is a permissible purpose of § 1983 liability. Deterrence is a primary, and common, purpose of both § 1983 liability and punitive damages. The specter of punitive damages may be the only credible deterrent against constitutionally abhorrent behavior. A jury may assess punitive damages under § 1983 when defendants' conduct involves reckless or callous indifference to the federally protected rights of others. If sufficient evidence warrants the imposition of punitive damages in this case, such an award would further the aim of deterring future egregious conduct by other police officers.

Punitive damages may be awarded if it is found that a defendant's act or omission was done:

      1)      Maliciously; or

      2)      In reckless or callous disregard of a plaintiff's federally-protected rights or safety; or

      3)      Wantonly; or

      4)      With evil motive or intent; or

      5)      With callous indifference to a plaintiff's federally-protected rights or safety; or

      6)      In the face of a perceived risk that the acts or omissions would violate a plaintiff's federally-protected rights; or

      7)      Oppressively.

Any one of or combination of these seven conditions is a sufficient basis for an award of punitive damages.

An act or a failure to act is "maliciously" done, if prompted by or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward persons in one of more groups or categories of which the injured person is a member, or if it was done for the purpose of injuring another.

An act or failure to act is in reckless or in callous disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one of more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or

otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of or exploiting some weakness, or disability, or misfortune of another person.

When a jury considers oppressive acts, the jury must consider the relative positions of power and authority between the parties and determine whether the defendant misused his power or authority, or abused the plaintiff's weakness, in the course of wrongful conduct. It is oppressive for a defendant to take advantage of his authority and power and a plaintiff's relative weakness.

Punitive damages are intended to foster deterrence and punishment, both specifically as to the person against whom they may be awarded and generally as to other persons who might act like him.

If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that a defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those a defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which a defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter a defendant or persons like him from committing wrongful acts in the future.

**Authority:**

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir.1991); *Dang v. Cross*, 422 F.3d 800 (9th Cir.2005); *Price v. Kramer*, 200 F.3d 1237, 1251 (9th Cir. 2000); *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993); *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991); *Larez v. City of Los Angeles*, 946 F.2d 630, 639 (9th Cir. 1991); *Bouman v. Block*, 940 F.2d 1211, 1234 (9th Cir. 1991); *Davis v. Mason County*, 927 F.2d 1473, 1485 (9th Cir. 1991); *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1278 (9th Cir. 1982); *Fountila v. Carter*, 571 F.2d 487, 492, 493 (9th Cir. 1978); *Gregory v. Thompson*, 500 F.2d 59, 65 (9th Cir. 1974); *Stokes v. Delcambre*, 710 F.2d 1120, 1126 (5th Cir. 1983); *Walker v. Norris*, 917 F.2d 1449, 1459 (6th Cir. 1990); *McKinley v. Trattles*, 732 F.2d 1320, 1326 & n. 2 (7th Cir. 1984); *Garza v. City of Omaha*, 814 F.2d 553, 556 (8th Cir. 1987); *Day v. Woodworth*, 54 U.S. (13 How.) 363, 371, 14 L.Ed. 181 (1851); *Smith v. Wade*, 461 U.S. 30, 33, 45 n. 12, 46 n. 13, 49, 54, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983); *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989); *Cowen v. Winters*, 96 F. 929, 935 (6th Cir. 1899); *Berry v. Fletcher*, 3 F.Cas. 286, 288 (C.C. Mo. 1870); *Fotheringham v. Adams Exp. Co.*, 36 F. 252, 253 (E.D. Mo. 1888); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S.

424, 432, 121 S.Ct. 1678, 1683, 149 L.Ed.2d 674 (2001); *Welch v. Durand*, 36 Conn. 182, 185 (1869); *Frink & Co. v. Coe*, 4 Greene 555, 1854 WL 228 at *4 (Iowa 1854); *Marysville & L.R. Co. v. Herrick*, 76 Ky. 122, 127 (1877); *Florida Ry. & Nav. Co. v. Webster*, 25 Fla. 394, 5 So. 714, 719 (Fla. 1889); *Jacobus v. Congregation of Children of Israel*, 107 Ga. 518, 33 S.E. 853, 855 (1899).

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

### PLAINTIFF'S INSTRUCTION NO. 28 - COMPENSATORY DAMAGES
### (MPJI 10:7 AND 10:2 MODIFIED)

If you return a verdict for a plaintiff regarding any of the plaintiffs' State of Maryland claims, then you must award a sum of money as you believe will fairly and justly compensate that plaintiff for the damages you believe they actually sustained as a direct consequence of the conduct of one or all of the defendants. In considering damages, you must keep in mind that your award must adequately and fairly compensate that plaintiff, but your award should not be based on guesswork. You should consider the following elements of damage to the extent that you find them proved by a preponderance of the evidence.

1.    Any fright, terror, nervousness, humiliation, embarrassment, inconvenience, indignity or insult to which a plaintiff was subjected and which was a direct result of a defendant's conduct.

2.    The non-economic damages such as physical and mental pain and suffering, suffered by a plaintiff in the past and which, with reasonable probability, may be expected to be experienced in the future.

3.    The effect of a defendant's actions on the overall physical and mental health and well-being of the plaintiff.

4.    The psychological expenses reasonably and necessarily incurred in the past and which with reasonable probability may be expected in the future.

5.    The economic damages sustained in the past and which, with reasonable probability, may be sustained in the future.

| | |
|---|---|
| Given | _____ |
| Modified | _____ |
| Refused | _____ |

***PLAINTIFF'S INSTRUCTION NO. 29 - PUNITIVE DAMAGES (MPJI 10:13 MODIFIED)***

If you find for a plaintiff and award damages to compensate for the injuries (losses) suffered, you may go on to consider whether to make an award for punitive damages. A claim for punitive damages must be proved by clear and convincing evidence.

An award for punitive damages should be:

1.    In an amount that will deter the defendant and others from similar conduct.

2.    Proportionate to the wrongfulness of the defendant's conduct and the defendant's ability to pay.

You are further instructed that under federal law, for the plaintiffs' federal claims, these elements are not relevant to your consideration and that your primary criteria if you choose to award a plaintiff punitive damages under their federal claim is to punish the defendants and to deter them and others from committing the same unconstitutional acts or omissions.

```
Given          _____

Modified       _____

Refused        _____
```

Respectfully Submitted,

**LAW OFFICE OF BARRY R. GLAZER, P.C.**

/s/

_____
Charles H. Edwards IV
Law Offices of Barry R. Glazer
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
(410) 547-8568
Bar Roll No.: 29977
*Attorney for the Plaintiff*

### *CERTIFICATE OF SERVICE*

I hereby certify that on the 23rd day of February, 2016, a copy of the foregoing Proposed Jury Instructions was served upon all counsel of record by use of the CM/ECF system, and that if counsel does not participate in the CM/ECF system, a copy will be sent by U.S. Mail, postage pre-paid and properly addressed.

Respectfully Submitted,

**LAW OFFICE OF BARRY R. GLAZER, P.C.**

/s/
_____
Charles H. Edwards IV
Law Offices of Barry R. Glazer
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
(410) 547-8568
Bar Roll No.: 29977
*Attorney for Plaintiff*